[Crim. No. 1016.   Second Appellate District, Division One.—November 1, 1923.]

## THE PEOPLE, Respondent, v. ARTHUR MOORE, Appellant.

[1] CRIMINAL LAW—DISQUALIFICATION OF JUROR—EXCUSAL BY COURT WITHOUT CHALLENGE—ABSENCE OF PREJUDICE.—A person who does not know whether he would find the defendant guilty when from the evidence and instructions of the court he has been proven guilty beyond a reasonable doubt is not qualified to sit as a juror in any case; and while the practice of the court in excusing such a juror, without a challenge having been interposed by either party, is not that which is usually followed by our trial courts and probably not such as our criminal procedure contemplates, it cannot be said that the defendant is prejudiced thereby.

[2] ID.—ADDITIONAL CHALLENGE — APPEAL — RECORD.—Conceding that the court excused such juror peremptorily, and not for cause, it cannot be said on appeal that such action had the effect of giving the prosecution an additional challenge above those provided by law, where the record does not disclose that the prosecution exercised at the trial its full number of or any peremptory challenges.

[3] ID.—ERROR—LACK OF PREJUDICE—RECORD—AFFIRMANCE OF JUDGMENT.—Conceding that the trial court committed error in excusing such disqualified juror, without any challenge having been interposed by either party, under section 4½ of article VI of the state constitution such error does not require a reversal of the judgment, where there is nothing in the record on appeal to indicate that the jury impaneled to try the defendant was not a fair and impartial jury, and the evidence shows beyond all question that the defendant was guilty of the crime charged.

APPEAL from a judgment of the superior court of San Diego County.   E. A. Luce, Judge.   Affirmed.

The facts are stated in the opinion of the court.

Edward J. Kelly for Appellant.

U. S. Webb, Attorney-General, and Erwin W. Widney, Deputy Attorney-General, for Respondent.

CURTIS, J.—The only error assigned by appellant for a reversal of the judgment herein is the ruling of the court in excusing a juror without any challenge to said juror having been interposed by either party. It is not questioned but what the juror excused possessed all of the general qualifications of a juror. Upon her examination, after answering in an equivocal manner a number of the questions propounded to her both by the court and by counsel, she was asked by the court if the guilt of the defendant was established beyond a reasonable doubt by the evidence and instruction of the court would she find him guilty, to which question she replied, "I don't know." Whereupon the court, without any challenge being interposed by either side, stated as follows: "I think we better excuse Mrs. Wheaton. You are excused." To which ruling the defendant then and there excepted.

[1] While the practice of the court in excusing the juror is not that which is usually followed by our trial courts and probably not such as our criminal procedure contemplates, we cannot say that the defendant was prejudiced thereby. The answers of the juror to the questions propounded to her clearly showed that she was subject to challenge for actual bias. Undoubtedly had not the court excused her on its own motion, the district attorney would have challenged her and the court, under the testimony, would have been bound to have sustained the challenge. It is inconceivable that a prosecuting officer would have permitted a juror in the state of mind of this juror to remain on the jury without interposing every challenge at his command. A person who does not know whether he would find the defendant guilty when from the evidence and instruction of the court, he has been proven guilty beyond a reasonable doubt is not qualified to sit as a juror in any case.

[2] It is further contended that the record does not show whether the court excused the juror peremptorily or

for cause, and that if it was done peremptorily such action on the part of the court would virtually give to the prosecution an additional challenge above those provided by law. An answer to this contention may be made by calling attention to the fact that the record does not disclose that the prosecution exercised at the trial of defendant its full number or any peremptory challenges.

[3] Aside from the above considerations in favor of sustaining the judgment herein, we are of the opinion that, under section 4½ of article VI of the constitution of the state, the judgment should be affirmed, even conceding that the court erred in excusing the juror, Mrs. Wheaton. The defendant was not thereby deprived of a fair trial. There is nothing in the record to indicate that the jury impaneled to try him was not a fair and impartial jury. The evidence shows beyond all question that the defendant was guilty of the crime charged, and that no other verdict than that of guilty could have been returned by the jury under the facts presented to it. After examining the entire record herein, including the evidence, we are of the opinion that if any error was committed by the court in excusing the juror, such error has not resulted in any miscarriage of justice.

The judgment and order denying motion for a new trial are affirmed.

Conrey, P. J., and Houser, J., concurred.